195 N.J. Super. 626 (1984)
481 A.2d 313
LAURA RADIN, PLAINTIFF,
v.
JANE BARTOLOMEI, DEFENDANT.
Superior Court of New Jersey, Law Division Special Civil Part, Bergen County.
Decided April 18, 1984.
*627 Gary S. Redish for plaintiff (Cole, Geaney, Yamner & Byrne, attorneys).
Ellen K. Bromsen for defendant.
SCIUTO, J.S.C.
The within matter heard on February 29, 1984 concerns an action for possession of apartment 809 located at 3 Horizon Road, Fort Lee, New Jersey.
*628 Defendant is a tenant at Horizon House Apartments, Fort Lee, New Jersey. Prior to July 1980, an offering statement, plan of cooperative organization and full plan of conversion to cooperative ownership (the plan) was filed with the Department of Community Affairs (D.C.A.) of the State of New Jersey. The plan provided that Brown, Harris, Stevens, Inc. (BHS) was the sponsor of said conversion and provided in relevant part that a closing would be held and a deed would be delivered by BHS to 1266 Apartment Corporation (cooperative corporation). The plan further provided that shares in the cooperative corporation would be sold to tenant purchasers and that proprietary leases would be issued to the owners of said leases.
Defendant as a tenant in Horizon House prior to July 1980 had an opportunity to purchase the shares to her apartment at "inside tenant prices" and to become the tenant on the proprietary lease assigned to her apartment.
On or about July 1980 a notice to quit and demand for possession was sent to and received by the defendant pursuant to N.J.S.A. 2A:18-61.2(g) and N.J.A.C. 5:24-1.3(b).
Prior to January 2, 1981 plaintiff entered into a subscription agreement with the sponsor to purchase 560 shares of stock in 1266 Apartment Corp. and to obtain the proprietary lease related to subject premises. On or about January 2, 1981 a closing of title was held whereby sponsor delivered a deed to cooperative corporation and ownership of Horizon House was thereby transferred to the cooperative corporation. In January 1981 the shares of stock related to the subject premises and the proprietary lease pertinent thereto were delivered by cooperative corporation and/or sponsor to plaintiff. Plaintiff is owner of the subject premises and is defendant's landlord pursuant to applicable law. The three year statutory period as provided in N.J.S.A. 2A:18-61.1(k) has expired. The defendant remains in possession and has failed and refused to surrender possession of the premises to plaintiff.
*629 The following additional facts were established at the hearing before the court on the above-mentioned date. Plaintiff purchased subject premises in July 1980 with all payments made by October 1980; title was transferred in January 1981. This purchase was therefore consummated prior to the effective date of the Senior Citizens and Disabled Protected Tenancy Act, July 27, 1981. N.J.S.A. 2A:18-61.22 et seq. Plaintiff-owner currently lives in an apartment building in Bronx, New York. Said building is in such condition that plaintiff is subject to live in strained conditions and under less than safe circumstances, and plaintiff desires to vacate such premises as soon as possible. In addition, plaintiff is in the process of changing jobs and would like to change residences for commuting purposes. Plaintiff-owner purchased the subject premises in a lottery selection for outsiders who were offered the opportunity to purchase various rental units in Horizon House. The plaintiff-landlord would have been able to choose other alternatives than the subject premises if she knew that the Senior Citizens and Disabled Protected Tenancy Law was going to be enacted.
Defendant is 82-years of age and has been widowed for the past 26 years. At the time that the apartment was being converted defendant had in excess of $200,000 in assets. She was not, however, interested in buying the apartment as offered by the plan for $26,000. Defendant indicated she did not want to use her money in that manner at that particular time in her life. She was more concerned with using her assets and/or the interest therefrom for her own living expenses in order to provide for herself. Defendant further realized that she would have approximately three years before she would be required to move pursuant to applicable law, and indicated she would worry about it then. Defendant does not want to move not only for the reason that she does not want to use her money on which she depends to live; but she also cited such reasons as ill health, the burden of having to move at her age, the loss of her few remaining friends if she were to move now and the difficulty of finding another place to live.
*630 Until 1981, tenants in New Jersey were protected from eviction by provisions of the New Jersey Anti-Eviction Act. N.J.S.A. 2A:18-61.1 to -61.12. That act authorized evictions on 13 prescribed grounds. One of these grounds was a conversion by the owner from rental housing to condominium form of ownership. N.J.S.A. 2A:18-61.1(k). An owner converting to condominium ownership must have served a notice of termination three years before the institution of any action for eviction. No action could be instituted until the existing period expired. N.J.S.A. 2A:18-61.2(g). Thus, the act essentially contains a three-year minimum grace period before eviction. Tenants receiving a three year notice could, during the 18 months following its receipt, request that the owner offer the tenant the rental of comparable housing. N.J.S.A. 2A:18-61.11(a). Unless the owner located and offered comparable housing, New Jersey courts having jurisdiction over eviction actions were authorized to issue up to five one-year stays of eviction. Ibid. After the first stay of eviction, however, the owner could prevent further stays by paying to the tenant a hardship relocation compensation equal to five months rent. N.J.S.A. 2A:18-61.11(c).
On July 27, 1981 the New Jersey Legislature enacted the New Jersey Senior Citizen and Disabled Tenancy Act, N.J.S.A. 2A:18-61.11(d) (tenancy act). The purpose of the act is to enhance the protection of certain senior citizens and disabled persons against evictions resulting from condominium conversions. Legislative findings in the act recite that the forced eviction and relocation of elderly persons from their established homes and communities harm their mental and physical health, adversely affect the social, economic and cultural characteristics of communities of the State and increase the costs borne by all state citizens. N.J.S.A. 2A:18-61.23. These conditions are particularly serious in light of the rising costs of home ownership and are of increasing concern where rental housing is converted into condominiums or cooperatives which senior citizens on fixed limited incomes cannot afford. Ibid. Therefore, *631 the Legislature declared that it was in the public interest of the State to avoid the forced eviction and relocation of senior-citizen tenants whenever possible, specifically in those instances where rental housing, market conditions and particular financial circumstances combine to diminish the ability of senior citizens to obtain satisfactory comparable housing within their communities and where the eviction action is the result not of any failure of the senior citizen tenant to abide by the terms of the lease, but of the owner's decision advantageously to dispose of residential property through conversion to a condominium or cooperative. Ibid. The Legislature further declared that qualified senior-citizen tenants and disabled tenants were to be accorded a period of protected tenancy during which they would be entitled to the fair enjoyment of the dwelling unit within the converted residential structure, to continue for a time period of 40 years after the date of conversion. Ibid. No action for eviction may be brought against protected tenants during this period. N.J.S.A. 2A:18-61.1(k). Thus, the effect of qualifying for a protected tenancy is to obtain the right to remain as a tenant in a converted unit for up to 40 years beyond any period already authorized by the Anti-Eviction Act. However, a protected tenancy status may be terminated if the unit is no longer the principal residence of the protected tenant or if the annual household income of the protected tenant exceeds three times the most recently reported county per capita personal income level. N.J.S.A. 2A:18-61.32.
The tenancy act permits the retroactive application of the act in certain circumstances. N.J.S.A. 2A:18-61.11(d) provides that the court may invoke some or all of the provisions of the act and grant to a tenant, pursuant to the act, a protected tenancy period upon the court's determination that: (1) the tenant would otherwise qualify as a senior-citizen tenant or disabled tenant, except that the building or structure in which the dwelling unit is located was converted prior to the act's effective date; and (2) the granting of the protected tenancy period as applied to the tenant, giving particular consideration to whether a unit *632 was sold on or before the effective date of the act to a bona fide individual purchaser who intended personally to occupy the unit, would not be violative of concepts of fundamental fairness or due process. The effect of this section is to confer upon the New Jersey courts discretionary authority to recognize a protected tenancy status for certain senior citizens and disabled persons who could otherwise have been evicted under the Anti-Eviction Act on three-year's notice plus tender of comparable rental housing or hardship relocation compensation.
If a court were to decline to grant protected tenancy status, it may nonetheless authorize up to five one-year stays of eviction until comparable rental housing is provided. The owner does not, however, have the option to buy out the interest of the tenant with a hardship relocation compensation of five months rent. Ibid.
Defendant in the present case had, at the time of the conversion of the apartment building, approximately $200,000 in assets. She maintains herself by the interest derived therefrom. Defendant had the financial ability to purchase the apartment at the "in-house" price, but chose not to do so. The Senior Citizens and Disabled Protected Tenancy Act, N.J.S.A. 2A:18-61.11(d), was intended to protect senior citizens on fixed limited incomes who would not be able to afford to live elsewhere should they be evicted from their rental units as a result of a conversion of said unit to a condominium or cooperative. In addition, the act would protect those who had limited mobility due to their financial status as well as problems associated with ill health. N.J.S.A. 2A:18-61.23. Clearly the defendant herein is not the type of senior citizen contemplated by the tenancy act. She is financially capable of relocating.
However, the court pursuant to N.J.S.A. 2A:18-61.11 grants defendant-tenant a limited protected tenancy. It finds that defendant would otherwise qualify as a senior citizen tenant or disabled tenant pursuant to N.J.S.A. 2A:18-61.24 except that the building in which the dwelling unit is located *633 was converted prior to the effective date of the tenancy act. The granting of the protected tenancy as applied to this defendant, giving particular consideration to the fact the unit was sold to a bona fide individual purchaser intending to personally occupy the unit before the date that this amendatory and supplementary tenancy act took effect, would not violate concepts of fundamental fairness or due process. So as to not violate fundamental fairness or due process of plaintiff-purchaser, this court cannot, even though it grants defendant a protected tenancy, impose the 40 year period of such a tenancy as suggested by the Legislature in N.J.S.A. 2A:18-61.23. Under the facts existent in this matter, imposition of such a period of protected tenancy would be manifestly and fundamentally unfair to plaintiff-purchaser of the subject premises. Such a determination would require plaintiff to have her assets in the subject premises tied up in this apartment for at least 40 years. This court cannot impose such an unfair and harsh result on plaintiff in light of the circumstances involved herein. Thus, the protected tenancy hereby granted to defendant shall be for a term consistent with this court's granting of one-year stays of eviction, not to exceed five such stays, which this court is authorized to grant pursuant to N.J.S.A. 2A:18-61.11(a). The granting of such one-year stays shall be subject to and in accordance with those conditions as delineated in the above-referenced applicable law. Further, plaintiff shall not have the right to provide defendant-tenant with hardship relocation compensation pursuant to N.J.S.A. 2A:18-61.11(d)(2).